*F. M. Hatch,* for plaintiff.

*C. W. Ashford* and *W. C. Achi,* for defendant.

---

IN THE MATTER OF THE ALLEGED MISCONDUCT OF F. W. WUNDENBERG, a Deputy-Clerk of the Judiciary Department and Clerk of the Circuit Court, First Circuit.

JUDD, C. J., BICKERTON AND FREAR, JJ.

OPINION OF THE JUSTICES, RENDERED DECEMBER 8, 1893.

By the statute, Section 59 of the Act to Reorganize the Judiciary Department, which went into effect January 1st, 1893, " all clerks (of the Judiciary Department), shall be liable to removal for inefficiency or misconduct by the Justices of the Supreme Court." By implication and by well considered decisions on similar statutes a removal can be made, not at the pleasure of the Justices, but only after charges have been preferred against the officer, a reasonable time given him to prepare his defense, and opportunity to cross-examine the witnesses against him, and be heard in his own defense.

It will thus be seen that the tenure of office of the clerks of the Judiciary Department differs from that of clerks of other departments, who are removable at the pleasure of those appointing them. The requirement of the statute has been complied with in the present case. This is a quasi-judicial investigation and, although it need not be conducted with the formality and solemnity of a criminal trial, we have thought it best to proceed in this instance according to the rules of judicial procedure.

The information was presented by the Attorney-General on his official oath charging misconduct of the respondent, who is a clerk of this department, and was amended at the

request of the respondent by stating particulars of the charges. These consisted of statements alleged to have been made by respondent on several occasions to various persons (naming them) indicating hostility and disloyalty to the Provisional Government and intended and designed to bring into contempt this Government and its principal officers.

One of the charges was of statements alleged to have been made on or about April 26th last to Col. J. H. Blount, Special Commissioner of the United States, which are alleged to be malicious, untrue and misleading. The respondent in his answer denied each and every allegation in the information. The particulars of the language used to Mr. Blount were set out in full. · No witnesses were produced to show that respondent had made the alleged statements to Mr. Blount, and the Attorney-General called the respondent himself as a witness. But the respondent declined to take the witness stand in behalf of the prosecution and claimed that he was not compellable under the Constitution and laws of this country to give evidence against himself. And a majority of the Justices felt that as the proceeding was of a criminal nature, in that the result might be removal from office, he could claim this immunity.

Respondent was then asked by the Attorney-General if he would admit that he had made these statements. Under advice of counsel he declined to admit anything. The Attorney-General called a number of witnesses to substantiate the other charges made who gave evidence and were cross-examined. The Attorney-General having closed, the respondent put on witnesses for the purpose of rebutting the evidence against him and took the stand himself. On his cross-examination he was asked by the Attorney-General what statements he had made to Mr. Blount, he having admitted that he had met Mr. Blount and talked with him. His counsel objected to his answering this question and we sustained the objection on the ground that this question was not proper on cross-examination, it not having been brought

out on the direct examination. Later on, his counsel having withdrawn their objection to the question being asked. respondent himself declined to answer it.

The charges of misconduct must, therefore, rest upon the evidence of the statements made by respondent other than those made to Col. Blount.

It is unnecessary to detail the evidence or comment upon it. We are satisfied on a careful consideration of it that the respondent, although active in his support of the Provisional Government for a short time immediately after its establishment, changed his attitude and on several occasions denounced in violent and bitter language the Provisional Government and its chief officers.

We are very much impressed with the view that this change of sentiment is to be attributed to his disappointment in not obtaining the office of Marshal, which he was led to expect would be given him.

While liberty is accorded to every man to entertain his own opinions and even to express them on proper occasions and in a proper manner as to the policy of those in control of the Government, yet every one, and especially those in the employment of the Government, is in duty bound to support and be loyal to it. It is improper conduct for those who hold responsible offices under the Government and enjoy its emoluments to use language tending to disparage the Government and weaken its authority. This is not a question of party politics, but goes to the very existence of the Government.

The respondent having voluntarily continued in office under the present Government after its foundation, owes respect and loyalty to it even if he had not taken a solemn oath " to support and bear true allegiance to the Provisional Government of the Hawaiian Islands," as in this case he did. This duty is obligatory upon all persons in the service of another, whether it be public or private in its nature.

The result of this investigation leads us to order the removal of the respondent from his office of Deputy-Clerk of

the Judiciary Department and Clerk of the Circuit Court, First Circuit, which is done accordingly.

*Attorney-General W. O. Smith,* for the information.

*P. Neumann* and *C. W. Ashford,* for respondent.